1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10

TIMOTHY CLEVELAND,

Case No.: 2:19-cv-01255-APG-NJK

11

            Plaintiff(s),

**ORDER**

12

v.

13

14

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

15

            Defendant(s).

16     Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to

17  28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff has also submitted a

18  complaint. Docket No. 1-1.

19  **I.     *In Forma Pauperis* Application**

20     Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an

21  inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in*

22  *forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

23  **II.    Screening the Complaint**

24     **A.  Standards**

25     Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

26  complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the

27  action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

28  or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**B. Equal Credit Opportunity Act**

Courts in this circuit have held that, to state a claim under the Equal Credit Opportunity Act, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. *See Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's ECOA claim as insufficiently pled with leave to amend) (citation omitted); *see also Evan v. Wells Fargo Home Mortgage, Inc.*, 2019 WL 1472102 (D. Nev. April 3, 2019).

Here, Plaintiff alleges that Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA") when they failed to implement the USDA National Appeals Division Final Agency Decision as required under the Administrative Procedure Act.  Docket No. 1-1 at 3-4.  Plaintiff submits that he applied for financial assistance under the USDA Farm Service Agency ("FSA") micro-loan program and, on August 20, 2015, the FSA Senior Loan Officer denied his loan application.  *Id*. at 5.  Plaintiff submits that, on September 14, 2015, he appealed the Agency's decision to the USDA National Appeals Division ("NAD") and, on March 1, 2016, the NAD Administrative Law Judge made a final determination that the FSA decision to deny his loan application was erroneous.  *Id*.  Plaintiff submits that after that, under direction of the FSA State Executive Director, the FSA failed to implement the NAD final determination.  *Id*.  Plaintiff submits that, on March 2, 2016, he was informed by the Farm Loan Chief that the agency would wait until the USDA Office of the Assistant Secretary for Civil Rights completed the discrimination complaint Plaintiff submitted.  *Id*.

The Court finds that Plaintiff fails to plead the required elements of an ECOA claim. Plaintiff fails to demonstrate that he is a member of a protected class, that he was qualified for credit, and that he was denied credit despite being qualified.  In light of the above, the complaint is hereby **DISMISSED** without prejudice.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **August 23, 2019**, to file an amended complaint.  If Plaintiff chooses to amend the complaint,

Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 9, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

4