**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-01140-NONE-JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Timothy Cleveland seeks to proceed *in forma pauperis*[1] in this action against the United States Department of Agriculture and George Ervin Purdue, Secretary of Agriculture. (Docs. 1, 5.) The United States District Court for the District of Nevada previously screened the original complaint and dismissed with leave to amend. (Doc. 3.) Plaintiff filed an amended complaint on August 23, 2019. (Doc. 5.) The District of Nevada transferred the matter to this Court on August 13, 2020. (Doc. 6.) Plaintiff alleges that he applied for a USDA loan related to his "avian egg production operation" in Kern County, California, and on August 20, 2015, his application was denied. (Doc. 5 at 4.) According to Plaintiff, that denial violated the Administrative Procedure Act, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act of 1964, the Acceleration and Foreclosure Moratorium, and 5 U.S.C. §

---

[1] On August 9, 2019, the District of Nevada previously granted Plaintiff's request to proceed *in forma pauperis*. (Doc. 3 at 1.)

1

552(d). (Id. at 3.) Because Plaintiff fails to allege facts sufficient to support his claims, the complaint is **DISMISSED** with leave to amend.

## I.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  Id.  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   Factual Allegations

Plaintiff alleges that he applied for financial assistance under the USDA Farm Service Agency ("FSA") micro-loan program, related to his "avian egg production operation" in Kern County, California, and on August 20, 2015, the FSA Senior Loan Officer denied his loan application. (Doc. 5 at 5, 7.) Plaintiff submits that he appealed the Agency's decision to the USDA National Appeals Division ("NAD") and, on March 1, 2016, the NAD Administrative Law Judge made a final determination that the FSA decision to deny his loan application was erroneous. (Id. at 7.) Plaintiff alleges that after that, under direction of the FSA Loan Chief and FSA State Executive Director, the FSA delayed and failed to implement the NAD final determination. (Id.) Plaintiff submits that, on March 2, 2016, the FSA Loan Chief informed him that the agency would wait until the USDA Office of the Assistant Secretary for Civil Rights completed the discrimination complaint Plaintiff submitted. (Id.)

### IV.   Discussion and Analysis

In his complaint, Plaintiff contends that the denial of a USDA loan related to his "avian egg production operation" violated the Administrative Procedure Act, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act of 1964, the Acceleration and Foreclosure Moratorium, and 5 U.S.C. § 552(d). (Doc. 5 at 3-4.)

#### A.   Administrative Procedure Act

Under the Administrative Procedure Act, a "final agency action for which there is no other

3

1  adequate remedy in a court [is] subject to judicial review." 5 U.S.C. §§ 701-06. "Only final agency
2  decisions are subject to review under the APA." Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Nat'l
3  Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001).

4  Plaintiff seeks Court intervention in his administrative case with the USDA and the National
5  Appeals Division. As stated in the factual allegations, Plaintiff was informed that the agency is waiting
6  until the USDA Office of the Assistant Secretary for Civil Rights completed the discrimination
7  complaint Plaintiff submitted. (Doc. 5 at 7.) Plaintiff has not presented the Court with a compelling
8  reason for intervention, and the Court does not find one. See Great Old Broads for Wilderness v.
9  Kimbell, 709 F.3d 836, 846 (9th Cir. 2013) ("The exhaustion doctrine serves to permit administrative
10 agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in
11 the process. The APA requires that plaintiffs exhaust available administrative remedies before
12 bringing grievances to federal court . . . ."); Singh-Bhathal v. I.N.S., 170 F.3d 943, 947 (9th Cir. 1999)
13 ("The agency should be free, even when it errs, to work out its own problems. The courts should not
14 interfere with the job given to it until it has completed its work. The agency, as the tribunal of first
15 instance, should be permitted to develop the factual record upon which decisions should be based.
16 Like the trial court, the agency should be given the first chance to exercise discretion and apply its
17 expertness.") (Kozinski, J., dissenting in part) (quoting Bernard Schwartz, Administrative Law § 8.30
18 (2d ed. 1984)). Accordingly, the Court will not intervene in an administrative process between
19 Plaintiff and the USDA and National Appeals Division.

20 **B.     Equal Credit Opportunity Act**

21 Courts in this circuit have held that, to state a claim under the Equal Credit Opportunity Act, a
22 plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with
23 defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. See
24 Harvey v. Bank of Am., N.A., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's
25 ECOA claim as insufficiently pled with leave to amend) (citation omitted); see also Evan v. Wells
26 Fargo Home Mortgage, Inc., 2019 WL 1472102 (D. Nev. April 3, 2019).

27 Plaintiff alleges that Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691,
28 *et seq.* when they delayed and failed to implement the USDA National Appeals Division Final Agency

Decision as required under the Administrative Procedure Act. (Doc. 5 at 3, 7.) Plaintiff submits that he applied for financial assistance under the USDA Farm Service Agency micro-loan program, which was denied. (Doc. 5 at 7.) He appealed the Agency's decision to the USDA National Appeals Division, which determined the denial was error. (Id.) Plaintiff asserts that the FSA State Executive Director caused the FSA to fail to implement the NAD final determination. (Id.) Instead, Plaintiff claims he was told that the agency would wait until the USDA Office of the Assistant Secretary for Civil Rights completed the discrimination complaint Plaintiff submitted. (Id.)

The Court finds that Plaintiff fails to plead the required elements of an ECOA claim. Plaintiff fails to demonstrate that he is a member of a protected class, that he was qualified for credit, and that he was denied credit despite being qualified. Therefore, Plaintiff's claim under the Equal Credit Opportunity Act is DISMISSED without prejudice.

**C.    Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d**

Plaintiff appears to assert a claim for violation of Title VI of the Civil Rights Act of 1964, however, the amended complaint lacks sufficient specificity to state a claim upon which relief may be granted. Broadly, Plaintiff alleges that he applied for financial assistance under the USDA Farm Service Agency micro-loan program and, on August 20, 2015, the FSA Senior Loan Officer denied his loan application. (Doc. 5 at 5, 7.) Plaintiff quotes the FSA Senior Loan Officer, stating "African Americans haven't had it harder than anyone else so they don't deserve special consideration." (Id. at 5.)

Title VI states that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in race discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds, Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001). Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege any evidence to indicate racial bias motivated a defendant's action. See Joseph v. Boise State Univ., 998 F. Supp. 2d 928, 944 (D. Idaho 2014), aff'd, 667

5

Fed.Appx. 241 (9th Cir. 2016).  Plaintiff does not allege any facts related to racial discrimination sufficient to support a Title VI claim. Plaintiff has not set forth any factual allegations that the claimed unlawful conduct was motivated by racial animus; rather, he seems to assert that he should have received more deferential treatment because granting the load would meet the worthy goal of providing "a sustainable African American agricultural market in Kern County." (Doc. 5 at 4) The amended complaint fails to state a claim and lacks facial plausibility because the plaintiff has failed to plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, to the extent that the plaintiff attempts to bring claims on behalf of all African-Americans in California, he lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") Without a viable claim for relief, however, the court is unable to adequately analyze standing. For these reasons, the amended complaint is subject to dismissal.

Due to Plaintiff's *pro se* status, and because it is at least conceivable that Plaintiff could allege additional facts to potentially state a claim, the Court finds it appropriate to grant Plaintiff another opportunity to amend the amended complaint.

**D.     Acceleration and Foreclosure Moratorium**

Plaintiff also appears to put forward the argument that he is entitled to moratorium relief on a pending foreclosure under 7 C.F.R. § 766.358, apparently because he has pending a discrimination claim for administrative review. (Doc. 5 at 3.) Plaintiff also cites to paragraph 41G of the Farm Service Agency handbook, entitled "Processing Loan and Servicing Applications When an Applicant Files a Discrimination Complaint," arguing that under no circumstances should the FSA delay the

processing of a loan or servicing application pending the outcome of a filed discrimination complaint. (Id. at 3, 7.) However, 7 C.F.R. § 766.358 provides for a moratorium only until a discrimination claim "has been resolved by the USDA or closed by a court of competent jurisdiction." 7 C.F.R. § 766.358(a). It appears here that Plaintiff's claim has not been resolved by the USDA or closed by a court of competent jurisdiction. Thus, even assuming § 766.358 applied in this case, no moratorium would be required at this stage. Moreover, Plaintiff fails to allege facts related to this claim and does not adequately state a claim upon which relief may be granted. See Iqbal, 556 U.S. at 678.

### E.    5 U.S.C. § 552(d)

Generally, under the Freedom of Information Act all agency documents are broadly to be interpreted as available unless specifically exempt by the Act. N.L.R.B. v. Sears, Roebuck and Co., 421 U.S. 132 (1975). The FOIA requires a government agency to disclose all responsive records requested by anyone unless the information sought falls within one of nine statutory exemptions listed in § 552(b). 5 U.S.C. § 552(d). Other than listing the federal statute, Plaintiff fails to provide any factual assertions to support a claim under 5 U.S.C. § 552(d). Plaintiff has not made any allegation regarding any request for records or unavailability of same. Although Rule 8 does not demand that a plaintiff make "detailed factual allegations," Twombly, 550 U.S. at 555, Plaintiff's unsupported assertion is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has found does not adequately state a claim. Iqbal, 556 U.S. at 678. Dismissal of this claim is therefore appropriate under § 1915(e)(2)(B)(ii).

### V.    Conclusion and Order

Plaintiff has not alleged facts to support his claims. However, the Court will provide Plaintiff with **one** opportunity to file an amended complaint that sets forth facts sufficient to support his claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); see also Lopez, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must reference the docket number assigned to this case and must be labeled "Second Amended Complaint." Based upon the foregoing, the Court **ORDERS**:

    1.    Plaintiff's amended complaint is **DISMISSED** with leave to amend; and

2. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a second amended complaint or a notice of voluntary dismissal of the action. **If Plaintiff fails to comply with this order to file a second amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

   Dated: **August 24, 2020**         /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE