UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-01140-NONE-JLT<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE AND DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

Timothy Cleveland filed this action against the United States Department of Agriculture and George Ervin Purdue, Secretary of Agriculture. The United States District Court for the District of Nevada previously screened the original complaint and dismissed with leave to amend. (Doc. 3.) Plaintiff filed an amended complaint on August 23, 2019. (Doc. 5.) The District of Nevada transferred the matter to this Court on August 13, 2020. (Doc. 6.) Because Plaintiff failed to allege facts sufficient to support his claims, the Court dismissed the amended complaint with leave to amend. (Doc. 8.) On September 28, 2020, Plaintiff filed what appears to be a second amended complaint and motion for change of venue. (Doc. 9.) Because Plaintiff fails to allege facts sufficient to support his claims, the second amended complaint is **DISMISSED** with leave to amend, and the Court **DENIES** the motion for change of venue.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Factual Allegations

Plaintiff alleges that he was employed with the United States Department of Agriculture Farm Service Agency. (Doc. 9 at 1.) Plaintiff alleges that there has been continued racial discrimination against African Americans to benefit from a USDA specialty crop grant. (Doc. 9 at 1-3.) Plaintiff seeks to enjoin preliminarily and to stay 2021 USDA/California Specialty Crop Block Grant funding through the USDA Agriculture Marketing Service pending judicial review. (Doc. 9 at 3.) Plaintiff also alleges that under the Administrative Procedure Act, the agency rules under the USDA program fail to provide equitable access to current and prospective African American farmers and are unlawful. (Doc. 9 at 3.)

Plaintiff describes that Cleveland Hill Endowment, Inc. is a California non-profit established by the Plaintiff as a "strategic countermeasure to adverse health and welfare conditions disproportionately impacting all African Americans." (Doc. 9 at 4.) According to Plaintiff, he adopted the concept of an agricultural research station focused on food borne diseases disproportionately impacting African Americans. (Doc. 9 at 4.) Plaintiff alleges that unlawful conduct of Defendants resulted in "African American economic blight resulting in food borne disease." (Doc. 9 at 4.) Plaintiff also asserts that he seeks to cure systemic discrimination and to acquire a consent decree under 25 CFR § 1000.304 specifically related to underlying conditions associated with COVID-19 fatalities. (Doc. 9 at 5.) Plaintiff seeks emergency coronavirus funding for the purpose of conducting studies of economic blight in California's African American agricultural sector. (Doc. 9 at 5.)

Plaintiff claims that he initiated an action on November 16, 2016, in which he failed to inform the court of the racial discrimination of the USDA Office of the Assistant Secretary for Civil Rights. (Doc. 9 at 7.) According to Plaintiff, an investigation was initiated on December 23, 2015 that rendered an agency final determination on July 29, 2016. (Doc. 9 at 7.) Plaintiff reports that on or

around March 1, 2016, the USDA National Appeals Division determined Plaintiff met his burden of proving that the FSA's adverse decision is erroneous by a preponderance of the evidence. (Doc. 9 at 7.)

Plaintiff further alleges that on May 6, 2020, Plaintiff received a return telephone call from the FSA State Executive Director to discuss an inquiry on how the FSA intended to certify an erroneous debt against Plaintiff. (Doc. 9 at 8.) Plaintiff asserts that he proposed that approximately $70 million in emergency funding be set aside for a "Pandemic Evasion and Suppression Initiative." (Doc. 9 at 5, 8.) According to Plaintiff, on the last telephone call with the FSA State Executive Director, she informed Plaintiff that "good things are coming," and since then has failed to return any calls for an update. (Doc. 9 at 8.) Plaintiff alleges that the USDA Coronavirus Food Assistance Program modeling and implementation designed to support agricultural regions and agricultural participants is unlawful. (Doc. 9 at 6, 9.) According to Plaintiff, in 2016, former FSA State Executive Director stated during an in-person conversation that African Americans continued to suffer inequalities in receiving USDA funding. (Doc. 9 at 9.)

**IV.     Discussion and Analysis**

Plaintiff's filing appears to be a second amended complaint as well as a motion for change of venue. (See Doc. 9.) Plaintiff's filing is difficult to decipher at times, and the filing does not clearly identify the legal basis upon which his claims are made or the relief that he seeks. In this second amended complaint it appears Plaintiff alleges violations under the Administrative Procedure Act, Title VI of the Civil Rights Act of 1964, the Equal Credit Opportunity Act, and 18 U.S.C. § 43. (Doc. 9 at 3, 8.)

    **A.     Venue**

As an initial matter, with this second amended complaint, Plaintiff moves for change of venue. (See Doc. 9 at 8-9.) Plaintiff states that the District of Nevada's transfer to this Court was unreasonable, and it appears the plaintiff is requesting to transfer the case to the Central District of California by including the address to the courthouse in Los Angeles. (See Doc. 9 at 9.)

When the Court's diversity jurisdiction is invoked, the proper venue is in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the

State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USCS § 1391(b). In a diversity action, venue is proper in any district where the defendant resides or the incident giving rise to the claims occurred.

As discussed by the District of Nevada, the events giving rise to Plaintiff's claims occurred in Kern County, California. (See Doc. 6 at 2.) Plaintiff alleges that he applied for a USDA loan, related to his "avian egg production operation" in Kern County, California, and that, on August 20, 2015, his application was denied. (See id.) Accordingly, this District is a proper venue for this case and Plaintiff's motion for change of venue is DENIED.

**B.     Administrative Procedure Act**

Under the Administrative Procedure Act, a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. §§ 701-06. "Only final agency decisions are subject to review under the APA." Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001).

Plaintiff seeks to enjoin preliminarily and to stay 2021 USDA/California Specialty Crop Block Grant funding through the USDA Agriculture Marketing Service pending judicial review. (Doc. 9 at 3.) Plaintiff also alleges that under the Administrative Procedure Act, the agency rules under the USDA program fail to provide equitable access to current and prospective African American farmers and are unlawful. (Doc. 9 at 3.) Separately, Plaintiff claims that he initiated an action on November 16, 2016, in which he failed to inform the court of the racial discrimination of the USDA Office of the Assistant Secretary for Civil Rights. (Doc. 9 at 7.) According to Plaintiff, an investigation was initiated on December 23, 2015 that rendered an agency final determination on July 29, 2016. (Doc. 9 at 7.) Plaintiff reports that on or around March 1, 2016, the USDA National Appeals Division determined Plaintiff met his burden of proving that the FSA's adverse decision is erroneous by a

preponderance of the evidence. (Doc. 9 at 7.)

Plaintiff has not presented the Court with a compelling reason for intervention, and the Court does not find one. See Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836, 846 (9th Cir. 2013) ("The exhaustion doctrine serves to permit administrative agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in the process. The APA requires that plaintiffs exhaust available administrative remedies before bringing grievances to federal court . . . ."); Singh-Bhathal v. I.N.S., 170 F.3d 943, 947 (9th Cir. 1999) ("The agency should be free, even when it errs, to work out its own problems. The courts should not interfere with the job given to it until it has completed its work. The agency, as the tribunal of first instance, should be permitted to develop the factual record upon which decisions should be based. Like the trial court, the agency should be given the first chance to exercise discretion and apply its expertness.") (Kozinski, J., dissenting in part) (quoting Bernard Schwartz, Administrative Law § 8.30 (2d ed. 1984)). Accordingly, the Court will not intervene in an administrative process between Plaintiff and the USDA.

### C.   Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d

Plaintiff appears to assert a claim for violation of Title VI of the Civil Rights Act of 1964, however, the second amended complaint lacks sufficient specificity to state a claim upon which relief may be granted. Plaintiff alleges that there has been continued discrimination against African Americans to benefit from a USDA specialty crop grant. (Doc. 9 at 3.) Plaintiff also alleges that the agency rules under the USDA program fail to provide equitable access to current and prospective African American farmers and are unlawful. (Doc. 9 at 3.) According to Plaintiff, in 2016, former FSA State Executive Director stated during an in-person conversation that African Americans continued to suffer inequalities in receiving USDA funding. (Doc. 9 at 9.)

Title VI states that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in race discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds, Daviton v. Columbia/HCA

Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001). Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege any evidence to indicate racial bias motivated a defendant's action. See Joseph v. Boise State Univ., 998 F. Supp. 2d 928, 944 (D. Idaho 2014), aff'd, 667 Fed.Appx. 241 (9th Cir. 2016). Plaintiff does not allege facts related to racial discrimination sufficient to support a Title VI claim. Plaintiff has not set forth sufficient factual allegations that the claimed unlawful conduct was motivated by racial animus; rather, Plaintiff makes conclusory assertions regarding alleged racial discrimination against African Americans in relation to USDA funding. (See Doc. 9 at 3, 9.) The second amended complaint fails to state a claim and lacks facial plausibility because the plaintiff has failed to plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, to the extent that the plaintiff attempts to bring claims on behalf of all African-Americans in California, he lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") Without a viable claim for relief, however, the court is unable to adequately analyze standing. For these reasons, this claim is subject to dismissal. Due to Plaintiff's *pro se* status, and because it is at least conceivable that Plaintiff could allege additional facts to potentially state a claim, the Court finds it appropriate to grant Plaintiff one final opportunity to amend the second amended complaint.

### D.     Equal Credit Opportunity Act

Courts in this circuit have held that, to state a claim under the Equal Credit Opportunity Act, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. See

1  Harvey v. Bank of Am., N.A., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's
2  ECOA claim as insufficiently pled with leave to amend) (citation omitted); see also Evan v. Wells
3  Fargo Home Mortgage, Inc., 2019 WL 1472102 (D. Nev. April 3, 2019).

4        Plaintiff claims that he initiated an action on November 16, 2016, in which he failed to inform
5  the court of the racial discrimination of the USDA Office of the Assistant Secretary for Civil Rights.
6  (Doc. 9 at 7.) According to Plaintiff, an investigation was initiated on December 23, 2015 that
7  rendered an agency final determination on July 29, 2016. (Doc. 9 at 7.) Plaintiff reports that on or
8  around March 1, 2016, the USDA National Appeals Division determined Plaintiff met his burden of
9  proving that the FSA's adverse decision is erroneous by a preponderance of the evidence. (Doc. 9 at
10 7.) Plaintiff further alleges that on May 6, 2020, Plaintiff received a return telephone call from the
11 State Executive Director to discuss an inquiry on how the FSA intended to certify an erroneous debt
12 against Plaintiff. (Doc. 9 at 8.) Plaintiff asserts that he proposed that approximately $70 million in
13 emergency funding be set aside for a "Pandemic Evasion and Suppression Initiative." (Doc. 9 at 5, 8.)
14 According to Plaintiff, on the last telephone call with the State Executive Director, she informed
15 Plaintiff that "good things are coming," and since then has failed to return any calls for an update.
16 (Doc. 9 at 8.)

17       The Court finds that Plaintiff fails to plead the required elements of an ECOA claim. Plaintiff
18 fails to demonstrate that he is a member of a protected class, that he was qualified for credit, and that
19 he was denied credit despite being qualified. Therefore, Plaintiff's claim under the Equal Credit
20 Opportunity Act is DISMISSED with leave to amend.

21       **E.   18 U.S.C. § 43**

22       It appears Plaintiff seeks to assert a claim for relief under the Animal Enterprise Protection
23 Act, 18 U.S.C. § 43. This Act creates criminal penalties for those who intentionally disrupt the
24 functioning of lawful animal enterprises, defined as "a commercial or academic enterprise that uses or
25 sells animals or animal products for profit, food or fiber production, agriculture, education, research,
26 or testing." 18 U.S.C. § 43(d)(1). However, the Act confers no private right of action, nor can one be
27 inferred from its language. See Cort v. Ash, 422 U.S. 66, 79-80 (1975); see also Leathem v. United
28 States, 1997 U.S. App. LEXIS 23305, at *4 (9th Cir. Sep. 4, 1997). Accordingly, to the extent that the

8

second amended complaint asserts a claim under this Act, the claim is dismissed.

### F. Signature

Finally, all filings must bear Plaintiff's original signature. Fed. R. Civ. P. 11(a); Local Rule 131. The Court notes that Timothy Cleveland did not sign the second amended complaint. This subjects the second amended complaint to dismissal.

## V. Conclusion and Order

Plaintiff has not alleged sufficient facts to support his claims. However, the Court will provide Plaintiff with **one final** opportunity to file an amended complaint that sets forth facts sufficient to support his claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); see also Lopez, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must reference the docket number assigned to this case and must be labeled "Third Amended Complaint." Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's second amended complaint is **DISMISSED** with leave to amend;
2. Plaintiff's motion for change of venue is **DENIED**; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a third amended complaint or a notice of voluntary dismissal of the action.

**If Plaintiff fails to comply with this order to file a third amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **October 9, 2020**               **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

9