UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01140-NONE-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Timothy Cleveland filed this action against the United States Department of Agriculture and George Ervin Purdue, Secretary of Agriculture. The United States District Court for the District of Nevada previously screened the original complaint and dismissed with leave to amend. (Doc. 3.) Plaintiff filed an amended complaint on August 23, 2019. (Doc. 5.) The District of Nevada transferred the matter to this Court on August 13, 2020. (Doc. 6.) Because Plaintiff failed to allege facts sufficient to support his claims, the Court dismissed the amended complaint with leave to amend. (Doc. 8.) On September 28, 2020, Plaintiff filed what appeared to be a second amended complaint and motion for change of venue. (Doc. 9.) Because Plaintiff failed to allege facts sufficient to support his claims, the Court dismissed the second amended complaint with leave to amend and denied the motion for change of venue. (Doc. 11.)

On April 7, 2021, Plaintiff filed a third amended complaint. (Doc. 17.) The Court finds the Plaintiff is unable to state a claim upon which relief may be granted, as the Plaintiff has again failed to

1

allege facts sufficient to support his claims. Therefore, the Court recommends the third amended complaint be **DISMISSED** without prejudice.

## I.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id.  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Factual Allegations

According to Plaintiff, Cleveland Hill Endowment, Inc. is a California non-profit firm located in the County of Kern, California, founded by the Plaintiff. (Doc. 17 at 1.) Plaintiff reports that in 2009, he approached the United States Department of Agriculture Farm Service Agency field office for the purpose of securing financial assistance under the USDA/FSA Farm Loan Program. (Id. at 3.) According to Plaintiff, on or around March 3, 2016, the USDA National Appeals Division issued a final determination that the Farm Service Agency Senior Loan Officer erroneously declined the loan application of the Plaintiff. (Id.)

Plaintiff reports that beginning January 20, 2017, former Farm Service Agency, State Executive Directors Aubrey Bettencourt, Chris Keeler, and Connie Conway knew or should have known about ongoing racial discrimination hostile to African American agriculture. (Id. at 6.) Plaintiff asserts that Defendants serving as FSA State Executive Directors violated the public trust of African Americans by a standard pattern and practice of noncompliance with USDA nondiscrimination policy. (Id.) Plaintiff claims that Aubrey Bettencourt knew or should have known FSA lacked jurisdiction concerning FSA Loan Chief John Oosterman's erroneous claims that deprived/obstructed due process for Plaintiff. (Id.) Plaintiff also claims that Bettencourt's failure to perform her duty in compliance with USDA civil rights obligations deprived 1890 Land Grant University students access to California agriculture. (Id.)

Plaintiff further claims that Chris Keeler had prior knowledge of adverse determinations based

on his participation in NAD hearings pertinent to Plaintiff. (Id.) According to Plaintiff, Keeler retaliated when Plaintiff submitted requests to the FSA Loan Officer to correct erroneous details on Agency record pertinent to Plaintiff. (Id.) Plaintiff reports that Keeler emailed NAD Administrative Judge issuing his directive to FSA staff to terminate communication with Plaintiff. (Id.) Plaintiff reports that discussions with FSA Loan Officer James Harris concerning Plaintiff's infrastructure program for 1890 Land Grant students in California was immediately terminated. (Id.)

Plaintiff reports that on May 6, 2020, Plaintiff participated in a telephone briefing with Connie Conway regarding emergency resources for African American agriculture. (Id. at 7.) According to Plaintiff, he explained Cleveland Hill Endowment, Inc.'s mission pertinent to food borne disease countermeasures. (Id.) According to Plaintiff, Conway stated that a conference call was scheduled with George Ervin Perdue regarding the USDA Coronavirus Food Assistance Program approved by Congress. (Id.) Plaintiff reports that Conway stated she understood the importance of Plaintiff's urgent request and would convey Plaintiff's concerns to former Secretary Perdue. (Id.) According to Plaintiff, Conway failed to return calls and email inquiries pertinent to the March 6, 2020 telephone briefing. (Id.) Plaintiff asserts that Conway knew or should have known FSA employees deprived Plaintiff access to CFAP and other FSA services based on erroneous information provided by Hunton and Oosterman. (Id.)

**IV.   Discussion and Analysis**

In this third amended complaint it appears Plaintiff alleges violations under the International Convention on the Elimination of All Forms of Racial Discrimination, the Civil Rights Act of 1964, and the Equal Credit Opportunity Act. (See Doc. 20 at 1-2.)

**A.   International Convention on the Elimination of All Forms of Racial Discrimination**

Plaintiff attempts to bring a claim under the International Convention on the Elimination of All Forms of Racial Discrimination. (See Doc. 17 at 1-2, 12.) When Congress has not enacted implementing legislation, a treaty gives rise to a private right of action only if it is self-executing and creates private rights and remedies. Cornejo v. County of San Diego, 504 F.3d 853, 856 (9th Cir. 2007). The International Convention on the Elimination of All Forms of Racial Discrimination is not

self-executing and does not give rise to a private right of action. Rotar v. Placer County Superior Court, 2007 WL 1140682, at *1 (E.D. Cal. Apr. 17, 2007), *accepted by* 2008 WL 4463787 (E.D. Cal. Oct. 2, 2008); *accord* Mayweathers v. Hickman, 2008 WL 4690521, *2 (S.D. Cal. Oct. 21, 2008). Accordingly, the Court recommends that this claim be dismissed.

### B.     Civil Rights Act of 1964

Plaintiff appears to assert a claim under the Civil Rights Act of 1964, however, the third amended complaint lacks sufficient specificity to state a claim upon which relief may be granted. Plaintiff alleges that beginning January 20, 2017, former Farm Service Agency, State Executive Directors Aubrey Bettencourt, Chris Keeler, and Connie Conway knew or should have known about ongoing racial discrimination hostile to African American agriculture, and Bettencourt, Keeler and Conway "exercised similar patterns and practices of willful neglect." (Doc. 17 at 6.) Plaintiff claims that Defendants serving as FSA State Executive Directors violated the public trust of African Americans by a standard pattern and practice of noncompliance with USDA nondiscrimination policy. (Id.)

Title VI states that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in race discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds, Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001). Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege any evidence to indicate racial bias motivated a defendant's action. See Joseph v. Boise State Univ., 998 F. Supp. 2d 928, 944 (D. Idaho 2014), aff'd, 667 Fed.Appx. 241 (9th Cir. 2016). Plaintiff does not allege facts related to racial discrimination sufficient to support a Title VI claim. Plaintiff has not set forth sufficient factual allegations that the claimed unlawful conduct was motivated by racial animus; rather, Plaintiff makes conclusory assertions regarding alleged racial discrimination against African Americans in relation to USDA funding. (See Doc. 17.) The third amended complaint fails to state a claim and lacks facial plausibility because the

Plaintiff has failed to plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, to the extent that the Plaintiff attempts to bring claims on behalf of all African Americans in California, he lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") Without a viable claim for relief, however, the court is unable to adequately analyze standing. For these reasons, this claim is subject to dismissal.

### C.     Equal Credit Opportunity Act

Courts in this circuit have held that, to state a claim under the Equal Credit Opportunity Act, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. See Harvey v. Bank of Am., N.A., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's ECOA claim as insufficiently pled with leave to amend) (citation omitted); see also Evan v. Wells Fargo Home Mortgage, Inc., 2019 WL 1472102 (D. Nev. April 3, 2019).

Plaintiff reports that in 2009, he approached the USDA Farm Service Agency field office for the purpose of securing financial assistance under the USDA/FSA Farm Loan Program. (Doc. 17 at 3.) According to Plaintiff, on or around March 3, 2016, the USDA National Appeals Division issued a final determination that the Farm Service Agency Senior Loan Officer erroneously declined the loan application of the Plaintiff. (Id.) Plaintiff asserts that congressional funding under the USDA/FSA Coronavirus Food Assistance Program and USDA/AMS Specialty Crop Block Grant Program are targets for funding. (Id. at 12.) Plaintiff claims that USDA systemic racial discrimination and CDFA racial discrimination established circumstances in which infrastructure and production requirements

deprived Plaintiff access to USDA programs. (Id.)

The Court finds that Plaintiff fails to plead the required elements of an ECOA claim. Plaintiff fails to demonstrate that he is a member of a protected class, that he was qualified for credit, and that he was denied credit despite being qualified. Therefore, the Court will recommend that Plaintiff's claim under the Equal Credit Opportunity Act be dismissed.

**V.     Findings and Recommendations**

The Court has given Plaintiff the pleading standards but, rather than meet these standards, he repeats the conclusions he drew in his previous complaints and continues to fail to provide any factual bases for the conclusions. Thus, the Court accepts that Plaintiff's failure to provide factual allegations as an admission that he cannot do so and concludes that the deficiencies cannot be cured by amendment and granting leave to amend would be futile. See Lopez, 203 F.3d at 1130; See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court **RECOMMENDS**:

1.     Plaintiff's third amended complaint be **DISMISSED** without prejudice; and

2.     The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 15, 2021**               _ /s/ Jennifer L. Thurston
                                           CHIEF UNITED STATES MAGISTRATE JUDGE