1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY CLEVELAND and                   No.  1:20-cv-01140-NONE-JLT (PS)
     CLEVELAND HILL ENDOWMENT,
12   INC.,                                    ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS RECOMMENDING
13                    Plaintiffs,             THAT PLAINTIFFS' THIRD AMENDED
                                              COMPLAINT BE DISMISSED, WITHOUT
14        v.                                  PREJUDICE

15   DONALD JOHN TRUMP, *et al.*,             (Doc. No. 18)

16                    Defendants.

17

18        Plaintiff Timothy Cleveland, proceeding *pro se* and *in forma pauperis*, filed the complaint

19   commencing this action in the District of Nevada on August 9, 2019, against the United States

20   Department of Agriculture and Secretary of Agriculture George Ervin Purdue.  (Doc. No. 4.)

21   This action was transferred to this district on August 17, 2020.  (Doc. No. 7.)  It now proceeds on

22   plaintiffs' third amended complaint ("TAC"), filed on April 7, 2021.  (Doc. No. 17.)  The named

23   plaintiffs are plaintiff Cleveland and plaintiff Cleveland Hill Endowment, Inc., a California non-

24   profit entity.  The named defendants are Donald John Trump, defendant Perdue, Kevin Owen

25   McCarthy, Aubrey Bettencourt, Chris Keeler, Connie Conway, John Oosterman, Thomas C.

26   Hunton, Lyanne Mendoza, and Karen Ross.  (*Id.* at 1.)

27        This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

28   § 636(b)(1)(B) and Local Rule 302.

1

1    On April 16, 2021, the assigned magistrate judge issued findings and recommendations

2  recommending that plaintiff's TAC be dismissed, without prejudice.  (Doc. No. 18.)  Those

3  findings and recommendations were served on plaintiff and contained notice that any objections

4  thereto were to be filed within thirty (30) days after service.  (*Id.* at 7.)  Plaintiff filed objections

5  on May 17, 2021.  (Doc. No. 19.)

6    The objections assert that the screening statute of 28 U.S.C. § 1915A(a) concerns cases

7  brought by prisoners.  (Doc. No. 19 at 3.)  However, the court is also permitted to screen claims

8  brought by plaintiffs proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2).  Plaintiff

9  Cleveland is proceeding *in forma pauperis*, and the court must therefore "dismiss the case at any

10  time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief

11  may be granted[.]"  28 U.S.C. § 1915(e)(2).  The pending findings and recommendations

12  recommend that the court find that the TAC fails to state a claim on which relief may be granted.

13    Plaintiffs' objections discuss at length an article written by the magistrate judge and

14  published in the legal journal Law and Contemporary Problems.  (Doc. No. 19 at 4–9.)  Plaintiff's

15  objections do not address the magistrate judge's reasoning set forth in the pending findings and

16  recommendations.  Plaintiff further argues in his objections that the magistrate judge lacks

17  knowledge or experience concerning farming or racial discrimination.  (*Id.* at 9–10.)  Again, these

18  conclusory assertions are not objections to the legal reasoning set forth in the pending findings

19  and recommendations .

20    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a

21  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

22  magistrate judge's findings and recommendations are supported by the record and by proper

23  analysis.  In prior screening orders, the magistrate judge provided plaintiff with the relevant legal

24  standards governing the claims it appears he is attempting to bring in this action.  Nonetheless,

25  plaintiffs' TAC continues to rest upon many conclusory assertions, including conclusory

26  assertions regarding alleged racial discrimination by the named defendants.  The magistrate

27  judge's recommendation of dismissal is appropriate.

28  ////

1     The court also notes that plaintiff Cleveland Hill Endowment, Inc., appears to be

2   proceeding *pro se* in this action, as no attorney has made any appearance on its behalf.  Entities

3   cannot appear *pro se*.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506

4   U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example,

5   that a corporation may appear in the federal courts only through licensed counsel."); *McShane v.*

6   *United States,* 366 F.2d 286, 288 (9th Cir. 1996) (a non-attorney *pro se* plaintiff may not

7   represent any other party); *United States v. High Country Broad Co., Inc.,* 3 F.3d 1244, 1245 (9th

8   Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *CLD*

9   *Const. Inc. v. City of San Ramon,* 120 Cal. App. 4th 1141, 1145 (2004) ("[A] corporation, unlike

10   a natural person, cannot represent itself before courts of record *in propria persona,* nor can it

11   represent itself through a corporate officer, director or other employee who is not an attorney. It

12   must be represented by licensed counsel in proceedings before courts of record.").  Accordingly,

13   the claims of plaintiff Cleveland Hill Endowment, Inc. must be dismissed.

14     In addition, the TAC references a separate lawsuit plaintiff Cleveland filed against

15   defendant Hunton and alleges the court erred in that action.  (Doc. No. 17 at 4–5.)  This lawsuit is

16   not a proper method to attack orders or the judgment of a separate lawsuit.  *See Mullis v. U.S.*

17   *Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("[C]ollateral attacks on the

18   judgments, orders, decrees or decisions of federal courts are improper.").

19     The TAC's also asserts claims against defendant McCarthy related to defendant

20   McCarthy's vote not to impeach defendant Trump.  (*Id.* at 9–12.)  Under the Constitution's

21   Speech and Debate Clause, "for any Speech or Debate in either House, [Senators and

22   Representatives] shall not be questioned in any other Place."  U.S. Const. art. I, § 6, cl. 1.  "The

23   Speech or Debate Clause prohibits inquiry only into those things generally said or done in the

24   House or Senate in the performance of official duties and into the motivation of those

25   acts."  *United States v. Helstoski,* 442 U.S. 477, 488 (1979) (quoting *United States v.*

26   *Brewster,* 408 U.S. 501, 512 (1972)).  The scope of the Speech or Debate Clause extends to the

27   "act of voting." *Gravel v. United States,* 408 U.S. 606, 617 (1972); *accord Jenkel v. City & Cty.*

28   *of San Francisco*, No. C 06-2593 MHP, 2006 WL 2053502, at *8 (N.D. Cal. July 21, 2006)

1    (dismissing claims brought against Congressperson Nancy Pelosi because plaintiff's "grievances

2    against Congresswoman Pelosi stems from two votes cast in the House of Representatives").

3    Because the TAC asserts claims against defendant McCarthy based on the casting of his votes in

4    the U.S. House of Representatives, the TAC clearly fails to state a cognizable claim against

5    defendant McCarthy.

6         Finally, the TAC fails to state a claim under the Civil Rights Act because, as the findings

7    and recommendations point out, plaintiff does not adequately allege that the allegedly unlawful

8    conduct upon which he bases his claims was motivated by racial bias.

9         Accordingly,

10   1.  The findings and recommendations issued on April 16, 2021, (Doc. No. 18), are adopted

11       in full;

12   2.  The third amended complaint (Doc. No. 17) is DISMISSED: and

13   3.  The Clerk of the Court is directed to assign a district judge for the purpose of closing this

14       case and to close this case.

15   IT IS SO ORDERED.

16   Dated:   **July 22, 2021**                        _____

17                                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28